UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**MARCO ANTONIO RUIZ,**

   *Plaintiff*,

v.                                               Case No. 5:22-CV-01169-JKP

**UNITED STATES OF AMERICA,**

   *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant United States of America's ("the United States") Motion for Summary Judgment. *ECF No. 33*. Plaintiff Marco Antonio Ruiz filed a Response to the Motion and the United States filed a Reply. *ECF Nos. 34, 35*. Upon consideration, the Court concludes the Motion shall be GRANTED.

### BACKGROUND

This case arises out of healthcare services Plaintiff Marco Antonio Ruiz ("Ruiz") alleges receiving from United States Public Health Service ("USPHS") employees.[1] *ECF No. 13*. Ruiz, who suffered hemorrhagic strokes in 2016 and 2019, alleges the 2019 stroke "was caused, in whole or in part, by the medication which had been prescribed and managed" by USPHS employees. *Id. at 3*. Specifically, Ruiz alleges USPHS employees "failed to place [him] on anticoagulants," causing the 2019 stroke. *Id. at 4–5*. As a result, Ruiz sued USPHS employees for negligence. *Id.* Now, the United States moves for summary judgment, arguing Ruiz "has not disclosed any opinion from any expert suggesting [he] should have been placed on anticoagulants." *ECF No. 33 at 12*.

---

[1] As outlined in the Court's March 23, 2023, Order, Ruiz's cause of action proceeds against only the United States pursuant to the Federal Tort Claims Act. *ECF No. 18*.

**LEGAL STANDARD**

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[2] "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). A genuine dispute for trial exists if the record taken as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact or the appropriateness of judgment as a matter of law." *Celotex,* 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). The movant is not required to negate the elements of the nonmovant's case but may satisfy its summary judgment burden by demonstrating the absence of facts supporting specific elements of the nonmovant's cause(s) of action. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075, 1076 n. 16 (5th Cir. 1994). To satisfy this burden, the moving party must provide affidavits or identify any portion of the pleadings, discovery or admissions that demonstrate the absence of a triable dispute of material fact. *Celotex*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019. "If the moving party fails

---

[2] Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., LLC v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014).

If the movant carries its initial burden, the burden shifts to the nonmovant to present competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita*, 475 U.S. at 586–87; *see also* Fed. R. Civ. P. 56(a). Upon the shifting burden, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which this evidence raises a genuine dispute of material fact. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994)). Further, should the nonmoving party fail "to address or respond to a fact raised by the moving party and supported by evidence, then the court may consider the fact as undisputed" and "[s]uch undisputed facts may form the basis for a summary judgment." *Broadcast Music*, *Inc. v. Bentley*, SA-16-CV-394, 2017 WL 782932, at *2 (W.D. Tex. Feb. 28, 2017).

In determining the merits of a motion for summary judgment, a court has no duty to search the record for material fact issues or to find a party's ill-cited evidence. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Ragas*, 136 F.3d at 458. In addition, a court may not make credibility determinations or weigh the evidence and must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000); *Boudreaux v. Swift Transp. Co.*, *Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citations omitted).

## ANALYSIS

The Federal Tort Claims Act ("FTCA") permits "civil actions for damages against the United States for personal injury or death caused by the negligence of a government employee under circumstances in which a private person would be liable." *Chapman v. United* States, 353 F. App'x 911, 912 (5th Cir. 2009). In FTCA cases, the federal courts rely on the substantive law of the state where the alleged wrongful acts occurred. *Id.* (citing 28 U.S.C. § 1346(b)(1); *Johnson v. Sawyer*, 47 F.3d 716, 727 (5th Cir.1995)). Here, because the alleged medical negligence occurred in San Antonio, Texas, Texas law applies.

Under Texas law, when a plaintiff alleges medical negligence, the plaintiff "bears the burden of proving (1) a duty by the physician or hospital to act according to an applicable standard of care; (2) a breach of that standard of care; (3) an injury; and (4) a causal connection between the breach of care and the injury." *Quijano v. United States*, 325 F.3d 564, 567 (5th Cir. 2003). The plaintiff must establish the standard of care as a threshold issue before a court may consider whether the defendant breached that standard. *Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008). Additionally, the plaintiff must establish a causal connection between the defendant's actions and the individual's injury "beyond the point of conjecture; proof of mere possibilities will not [suffice]." *Wackman v. Rubsamen*, 602 F.3d 391, 400 (5th Cir. 2010).

Unless the mode or form of treatment is a matter of common knowledge or is within the experience of a layperson, expert testimony is required to prove the applicable standard of care as well as its breach. *See Hannah*, 523 F.3d at 601–02; *Quijano*, 325 F.3d at 567. Expert testimony is also required to show the breach proximately caused the harm suffered. *Guile v. United States*, 422 F.3d 221, 225 (5th Cir. 2005). A plaintiff must also rule out other plausible causes of the injury. *Wackman*, 602 F.3d at 400.

Subject to the narrow exception for matters of common knowledge, a plaintiff *must* produce expert testimony to meet his burden of proof on a medical negligence cause of action. *E.g., Moore v. United States*, No. 3:19-CV-00105, 2022 WL 2240318 at *4 (N.D. Tex. June 2, 2022) (citing *Hannah*, 523 F.3d at 601) (emphasis added). Indeed, Texas law only excuses the requirement for expert testimony in cases of truly rare, obvious forms of negligence. *See*, e.g., *Haddock v. Arnspiger*, 793 S.W.2d 948, 951 (Tex. 1990) (explaining that a plaintiff is excused from the requirement of expert testimony when the negligence is commonly understood; examples include improper use of mechanical instruments, operating on the wrong portion of the body, or leaving surgical instruments or sponges within the body).

In this lawsuit, Ruiz has not identified any acts of rare, obvious forms of negligence that would excuse him from the requirement to prove his cause of action with expert testimony. Accordingly, Ruiz must produce medical-expert testimony to establish the applicable standard of care, as well as to create a genuine fact issue that USPHS employees breached the standard of care, that Ruiz was injured, and that the breach caused his injury. As the United States point out, however, Ruiz has not come forward with medical-expert testimony to establish any of the essential elements of his medical negligence cause of action. *ECF No. 33 at 13–14*.

Ruiz must establish USPHS employees possessed a duty to act according to a specified standard of care and that they deviated from the standard. To this end, attached as evidence to the United States' Motion for Summary Judgment are expert opinions from Danielle Becker MD ("Dr. Becker"), Gregory D. Hobbs MD ("Dr. Hobbs"), and Sheryl Innerarity PhD ("Dr. Innerarity"). *ECF Nos. 33-13, 33-14, 33-15*. In her Report, Dr. Becker opines:

> The standard of care for prevention of future hemorrhagic stroke is controlling hypertension, especially given that was the proposed etiology of Mr. Ruiz's first stroke, in addition to controlling his hyperlipidemia and diabetes.

5

*ECF No. 33-13 at 11–12*. Dr. Becker, Dr. Hobbs, and Dr. Innerarity, after reviewing the evidence before them, opined USPHS employees—specifically Diane Toney, Nurse Practitioner—met the standard of care. *ECF Nos. 33-13, 33-14, 33-15*. These reports are sufficient to shift the burden to Ruiz. *Spinks v. Brown*, 103 S.W.3d 452 (Tex. App.—San Antonio 2002, pet. denied). Thus, to avoid a summary judgment in the United States' favor, Ruiz must produce controverting medical-expert testimony, thereby raising a genuine issue of material fact. *Spinks*, 103 S.W.3d at 458 (citing *Pinckley v. Gallegos*, 740 S.W.2d 529, 531–32 (Tex. App.—San Antonio 1987, writ denied).

Ruiz, however, provides no medical-expert testimony nor makes any coherent argument showing the standard of care articulated by Dr. Becker incorrectly states the duty USPHS employees owed or that they deviated from the standard. *ECF No. 34*. "If a defendant-movant in a medical negligence action negates an element of a plaintiff's cause of action by competent summary judgment evidence, such as expert testimony, the non-movant plaintiff is required to present controverting *expert* testimony in order to raise a fact issue." *Spinks*, 103 S.W.3d at 456 (emphasis added). Here, attached as evidence to Ruiz's Response are (1) excerpts from the deposition of Diane Toney, Nurse Practitioner; (2) a copy of the Texas Board of Nursing's "2017 Nursing Practice Act, Nursing Peer Review, & Nurse Licensure Compact;" and (3) an emergency room medical record for Ruiz dated December 7, 2017. *ECF No. 34-1*. This evidence is unavailing as a challenge to the United States' medical-expert testimony. *See Hannah*, 523 F.3d at 601–02; *Quijano*, 325 F.3d at 567. Without medical-expert testimony of his own, Ruiz cannot meet his burden to create a genuine issue of material fact that USPHS employees acted negligently in providing its healthcare services to Ruiz. *Pierson v. United States*, 605 F. App'x 293, 295 (5th Cir. 2015) (finding the diagnosis and treatment for a possible stroke is not a matter of

common knowledge and plaintiff is required to present medical-expert testimony to establish the applicable standard of care); *Hannah*, 523 F.3d at 601.

By pointing out the need for, and lack of, medical-expert testimony in this case, the United States has met its summary judgment burden. *Woods v. U.S. Gov't*, No. 3:08-CV-1670, 2010 WL 809601 at *3 (N.D. Tex. Mar. 8, 2010), *aff'd*, No. 10-10599, 2011 WL 857007 (5th Cir. Mar. 11, 2011). Because expert testimony is required, Ruiz cannot meet his burden in its absence and the United States is entitled to summary judgment. *Id*.

## CONCLUSION

For the reasons stated, the United States' Motion for Summary Judgment is **GRANTED**. *ECF No. 33*. Consequently, the Clerk of Court is directed to close this case.

The Court will issue a Final Judgment separately.

It is so ORDERED.
SIGNED this 21st day of February, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE